UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

HAE Y. PARK,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

Docket No.: 17-cv-13139

OPINION

## WILLIAM J. MARTINI, U.S.D.J.:

Plaintiff Hae Y. Park ("Plaintiff") brings this negligence action for injuries she suffered after allegedly being struck by a United States Postal Service ("USPS") vehicle. The matter comes before the Court on Plaintiff's motion to appoint a guardian ad litem ("GAL"). ECF No. 18. For the reasons set forth below, the motion is technically **DENIED**. However, the Court will **APPOINT** an investigatory GAL and **HOLD A HEARING** before impowering the GAL to make decisions on Plaintiff's behalf.

### I. BACKGROUND

Plaintiff alleges that on December 10, 2015, a USPS truck struck the car Plaintiff was driving in Leonia, New Jersey. *See* Compl., ECF No. 1. Due to the USPS driver's negligence, she allegedly suffered severe injuries. *Id.* Plaintiff filed suit against the United States, seeking damages for her injuries. *Id.*

Now before the Court is Plaintiff's motion to appoint her husband, Mr. Chul Son, as her GAL. Mot., ECF No. 18. The United States "takes no position on Plaintiff's motion" but reserves the right to refute allegations that Defendant caused Plaintiff's diminished capacity and seek discovery regarding Plaintiff's condition." Def. Ltr. (May 6, 2019), ECF No. 19.

### II. DISCUSSION

Under FRCP 17(c), "an incompetent person who does not have a duly appointed representative may sue by a next friend or by a [GAL]. The court must appoint a [GAL] . . . to protect a minor or incompetent person who is unrepresented in an action." FRCP 7(c)(2). To determine whether an individual is competent, courts look to "the law of the individual's domicile." FRCP 17(b)(1).

Plaintiff is a New Jersey domicile. Compl. ¶ 1. Under New Jersey law, the standard applicable to determine competence depends on the context of the inquiry. *See* N.J.R. 4:26-2. Here, Plaintiff moved for a GAL. When the request is made by motion, "the court *may* appoint a [GAL] for a minor or alleged mentally incapacitated person *if no petition has been filed* and *either default has been entered* by the clerk or, in a summary action brought pursuant to R. 4:67

1

or in a probate action, *10 days have elapsed* after service of the order." N.J.R. 4:26-2(b)(3) (emphasis added). Neither of those conditions are satisfied here, and thus appointment pursuant to Plaintiff's motion would be inappropriate at this time.

However, "[t]he court may appoint a [GAL] for a minor or alleged mentally incapacitated person on its own motion." N.J.R. 4:26-2(b)(4). "[I]n the absence of a contravening standard in Rule 4:26-2(b), the trial court may appoint a GAL for an allegedly mentally incapable adult for 'good cause.'" *See S.T. v. 1515 Broad St., LLC*, 190 A.3d 1073, 1083 (N.J. App. Div. 2018).[1]

> If there is good cause to believe that the person lacks sufficient mental capacity to make the decision(s) needed to conduct the litigation, the court may appoint a GAL to serve as an independent investigator, fact finder, and evaluator to report back to the trial court whether the person has sufficient mental capacity. No higher standard should be imposed because such an investigation aids the court in determining if its intervention is needed to protect the rights of the alleged mentally incapacitated person, but does not itself deprive the person of the right of self-determination. . . .
>
> By contrast, a trial court's ruling whether to empower the GAL to make the decision(s) needed in the litigation for an allegedly mentally incapacitated person must be governed by a higher standard because the ruling deprives the person of the right of self-determination. . . . Accordingly, the court must determine that the person is mentally incapable of making the decision(s) needed in the litigation before the court can entrust the GAL to make the decision(s). To ensure that the person's right of self-determination is not improperly overridden, the court must make that ruling by clear and convincing evidence.

*Id.* at 1083-84 (citations omitted). Therefore, on the Court's own motion, it will determine whether good cause exists to appoint Mr. Son as an investigatory GAL. If good cause exists, the Court will require Mr. Son to appear for a hearing to determine which decisions he will be empowered to make for Plaintiff.

The Court has ample evidence to find good cause. For example, Dr. Charlene Bang, a licensed psychologist that examined Plaintiff, declared under penalty of perjury that Plaintiff has "significant impairment in executive function." Bang Decl. ¶ 9, ECF No. 18-5. "Executive function represents a person's ability to plan, organize, initiate and make responsible decisions. It is an essential criterion pertaining to a person's ability to manage affairs of any significant complexity, such as court proceedings." *Id.* n.1. Therefore, good cause exists to appoint a GAL "to serve as an independent investigator, fact finder, and evaluator to report back to the trial court whether the person has sufficient mental capacity." *See S.T.*, 190 A.3d at 1083.

While good cause exists to appoint Mr. Son as Plaintiff's investigatory GAL, the Court is uncomfortable depriving Plaintiff of her "right of self-determination" exclusively based on

---

[1] The Court does not consider the "appointment pursuant to a motion" standard "contravening," as the motion standard uses permissive language (i.e., "may"), and does not appear to limit the appointment of a GAL by other means.

2

written submissions. *See id.* at 1084 (requiring clear and convincing evidence of incapacity before giving GAL decision-making authority). Therefore, the Court will hold a hearing to determine what decision-making authority Mr. Son should be afforded.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion, ECF No. 18, is technically **DENIED**. On the Court's motion, it will **APPOINT** Mr. Chul Son as Plaintiff's investigatory guardian ad litem and **HOLD A HEARING** to determine—by clear and convincing evidence—what decisions Mr. Son should be empowered to make on Plaintiff's behalf. An appropriate order follows.

**Date: May 28, 2019**

WILLIAM J. MARTINI, U.S.D.J.